Michael D. Rounds
Matthew D. Francis
SKINNER, WATSON & ROUNDS
A Professional Corporation
548 California Avenue
Reno, NV 89509
Telephone: (775) 324-4100

**ORIGINAL**

Jason H. Foster
KREMBLAS, FOSTER, PHILLIPS & POLLICK
7632 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Telephone: (614) 575-2100

Attorneys for Plaintiff,
Sofa Connection, Inc.

FILED

JUL - 3 2002

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CV-S-02-0908-JCM-RJJ

| | |
|---|---|
| SOFA CONNECTION, INC., a Tennessee corporation, <br><br> Plaintiff, <br><br> -vs- <br><br> DIAMOND HEAD, d/b/a SOFA COLLECTION, a Nevada corporation, RACHEL KOREN, an individual and LEIBEL ARI KOREN, an individual <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) <br><br> **COMPLAINT** |

Plaintiff, Sofa Connection, Inc. ("Plaintiff"), by and through its undersigned counsel, sues Defendants Diamond Head, d.b.a. Sofa Collection, Rachel Koren, individually and Leibel Ari Koren, individually (collectively "Defendants") for injunctive and declaratory relief and damages under the laws of the United States and the State of Nevada and states as follows:

1

## Jurisdiction and Venue

1.     This is an action for service mark and trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1051 *et seq.,* and under the statutory law of the state of Nevada.

2.     This Court has jurisdiction over the Counts in this Complaint under 15 U.S.C. §1121, and 28 U.S.C. §§1331, 1338, 2201 and/or 2202.

3.     Venue is proper in this Court under 28 U.S.C. §1391(b)(1) and/or §1391(b)(2).

## The Parties

4.     Plaintiff Sofa Connection, Inc. is a corporation organized under the laws of the state of Tennessee having a principal place of business at 725 Myatt Drive, Madison, Tennessee 37115.

5.     On information and belief, Defendant Diamond Head, d.b.a. Sofa Collection, is a corporation of the state of Nevada with places of business at 1244 S. Rainbow Blvd., Las Vegas, Nevada 89146 and 1485 E. Flamingo, Las Vegas, Nevada 89119.

6.     On information and belief, Defendants Leibel Ari Koren and Rachel Koren have a place of business or reside at 1508 Becke Circle, Las Vegas Nevada 89104.

## Statement of Facts

7.     Plaintiff is and has been continuously since at least 1989 engaged in the business of providing retail furniture store services and/or goods using the trademark SOFA CONNECTION.

8.     A Federal Service Mark Registration No. 2,477,109, issued August 14, 2001 to Sofa Connection, Inc. for the mark SOFA CONNECTION for retail furniture store

services.  The registration is in full force and effect.  A true copy of Registration No.

2,477,109 is appended hereto as Plaintiff's **Exhibit A**.

9.      Plaintiff offers its services and/or goods through stores using the trademark

SOFA CONNECTION in multiple markets, including one located at 2100 South Rainbow

Drive, Las Vegas, Nevada 89102, which has operated under the trademark SOFA

CONNECTION since about February 2000.

10.     Plaintiff has expended substantial resources in advertising and promotion of

its trademark SOFA CONNECTION, and it engages in extensive promotion of its services

and/or goods sold under its trademark.

11.     Plaintiff, through its own significant efforts, skill and experience, has

acquired and now enjoys substantial goodwill and a valuable reputation through its use of

the SOFA CONNECTION mark.  The maintenance of high standards of quality and

excellence for Plaintiff's services and/or goods has contributed to this valuable goodwill and

reputation.

12.     As a result of Plaintiff's efforts to promote its services and/or goods under

the trademark SOFA CONNECTION, the mark has acquired, in the minds of the public, a

secondary meaning and has become a distinctive mark denoting care, skill, industry,

reliability, and high quality to the eye and mind of the public.  The services and/or goods

offered by Plaintiff under its trademark have enjoyed a high degree of public recognition

over the years so that members of the public have associated, and will continue to associate,

the quality and reputation of services and/or goods marketed under the mark SOFA

CONNECTION with Plaintiff.  As a result of long-standing use, substantial sales,

significant advertising and promotional activities, the mark SOFA CONNECTION has

become well known and associated with Plaintiff.  The mark SOFA CONNECTION serves

3

to distinguish Plaintiff's services and/or goods from the services and/or goods of others.  As a further result of Plaintiff's efforts and sales, the trademark SOFA CONNECTION is generally recognized by the public as being associated exclusively with the services and/or goods of Plaintiff.  Because of such reputation and public awareness, Plaintiff has established valuable goodwill in connection with its trademark SOFA CONNECTION, and said mark has become famous.

13.    Plaintiff has taken active steps to protect its trademark SOFA CONNECTION so that it will continue to be associated with, and denote, Plaintiff's services and/or goods.

14.    The goodwill associated with the trademark SOFA CONNECTION is one of Plaintiff's most valuable assets.

15.    Despite Plaintiff's well-known and prior statutory and common law rights in the SOFA CONNECTION mark, Defendants adopted and began using the trademark SOFA COLLECTION in this District for retail furniture store services on or about September 2000.

16.    Defendants' advertising, offering for sale and sale of goods and services under the mark SOFA COLLECTION are likely to cause confusion, or to cause mistake, or to deceive the public into believing that Defendants' goods and services originate with Plaintiff, or are sponsored by Plaintiff, are offered with the approval of Plaintiff, or are offered under Plaintiff's supervision and control.

17.    Defendants' confusingly similar use of the mark SOFA COLLECTION is without permission, authority, or license from Plaintiff.

18.    Since Plaintiff is neither associated with nor exercises control over the Defendants, Defendants' use of the mark SOFA COLLECTION is likely to be attributed to

4

Plaintiff and constitutes a threat to Plaintiff's good will and reputation.

19.    On March 25, 2002, Plaintiff sent a letter to Defendant Leibel Ari Koren and Defendant Diamond Head, d.b.a. Sofa Collection at its Rainbow location notifying them of Plaintiff's Registration No. 2,477,109 and Plaintiff's superior rights in the SOFA CONNECTION trademark, and demanding that Defendants cease any use of the SOFA COLLECTION mark likely to cause confusion, mistake or to deceive.  Defendants did not respond to this letter, a true copy of which is appended as **Exhibit B,** despite receiving it on March 29, 2002.

20.    On May 17, 2002, Plaintiff's attorney sent a letter to Defendant Leibel Ari Koren, registered agent for Defendant Diamond Head, d.b.a. Sofa Collection at his Becke Circle address, which was received on May 21, 2002.  This letter demanded that Defendants cease their use of the trademark SOFA COLLECTION, and offered a possible settlement in which Defendants could phase out their infringing use.  Defendants did not respond to this letter, a true copy of which is appended as **Exhibit C.**

21.    On May 23, 2002, Plaintiff's attorney sent another letter to Defendant Leibel Ari Koren, informing Defendants of 13 instances of actual confusion that had occurred in the preceding three week period.  Defendants did not respond to this letter, a true copy of which is appended as **Exhibit D.**

22.    Despite Plaintiff's efforts, Defendants have, with full knowledge of Plaintiff's rights and Federal Trademark Registration, ignored Plaintiff's demands and, upon information and belief, continue to use the SOFA COLLECTION mark in a manner calculated to cause confusion, mistake, or to deceive the public as to the source of Defendants' goods and services or cause a false belief that Plaintiff is associated with Defendants.

23.   Upon information and belief, Defendants' use of the mark SOFA COLLECTION was and is intended to capitalize on the goodwill associated with Plaintiff's registered trademark SOFA CONNECTION and to mislead the purchasing public into believing Defendants' services are authorized, connected with, sponsored or approved by Plaintiff.

24.   Plaintiff has recorded at least seventeen (17) instances of actual confusion by consumers in the period between April 29 and June 10, 2002, as evidenced by true copies of documents created contemporaneously by Plaintiff's employees, appended as **Exhibit E**.

25.   By their wrongful acts, Defendants have caused, and, unless restrained by the Court, will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill associated with its mark SOFA CONNECTION. These wrongful acts have caused, and will continue to cause, grave injury to the public as well.

26.   By using the confusingly similar mark SOFA COLLECTION, Defendants are subjecting the reputation and goodwill of Plaintiff in its SOFA CONNECTION trademark to irreparable injury and harm by reason of acts of Defendants or others over whom Plaintiff has no control.

27.   Unless the foregoing acts of the Defendants are enjoined, Plaintiff has no adequate remedy at law.

<u>COUNT I</u>
(LANHAM ACT - TRADEMARK INFRINGEMENT - REGISTERED MARK)

28.   Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-27 above as if fully set forth herein.

29.   This Count arises under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

30.   The foregoing activities of Defendants constitute a use in commerce, and/or

having an effect on interstate commerce, of a reproduction or colorable imitation of the
registered mark SOFA CONNECTION in connection with the sale, offering for sale,
distribution, and advertising of Defendants' goods and services which is likely to cause
confusion, or to cause mistake or to deceive.  The use by Defendants of a colorable imitation
of the federally registered mark SOFA CONNECTION, the commencement and
continuation of such use, and all of the other acts of Defendants as heretofore alleged, create
the likelihood that the public will be confused as to the source, sponsorship or affiliation of
the goods and services of Plaintiff and Defendants, or will be led to believe mistakenly that
there is some connection between Plaintiff and Defendants, as a result of which Plaintiff and
the public have been, and are likely to be further, irreparably damaged.

31.     The aforesaid acts of Defendants constitute trademark infringement under 15
U.S.C. §1114 and Plaintiff is entitled to the relief set forth below.

## COUNT II
### (LANHAM ACT - TRADEMARK INFRINGEMENT - COMMON LAW)

32.     Plaintiff hereby adopts and incorporates by reference the allegations of
paragraphs 1-31 above as if fully set forth herein.

33.     This Count arises under Section 43(a) of the Lanham Act, 15 U.S.C. §
1125(a).

34.     Defendants' aforesaid acts constitute a use in commerce in connection with
goods or services of a word or term that is likely to cause confusion, or to cause mistake, or
to deceive as to the affiliation, connection, or association of Defendants with Plaintiff.  The
use by Defendants of the mark SOFA COLLECTION, the commencement and continuation
of such use, and all of the other acts of Defendants as heretofore alleged, create the
likelihood that the public will be confused as to the source, sponsorship or affiliation of the
goods and services of Plaintiff and Defendants, or will be led to believe mistakenly that

7

1    there is some connection between Plaintiff and Defendants as a result of which Plaintiff and

2    the public have been, and are likely to be further, irreparably damaged.

3        35.  The aforesaid activities of Defendants constitute trademark infringement under

4    15 U.S.C. §1125(a) and Plaintiff is entitled to the relief set forth below.

5                              COUNT III
6                    (FEDERAL UNFAIR COMPETITION)

7        36.    Plaintiff adopts and incorporates by reference the allegations of paragraphs 1-

8    35 above as if fully set forth herein.

9        37.    This Count arises under Section 43(a) of the Lanham Act, 15 U.S.C. §

10
11   1125(a).

12       38.    The use of the name, phrase, or mark SOFA COLLECTION by Defendants is

13   a false designation of origin as to any goods or services sold, advertised or promoted by

14   Defendants and constitutes unfair competition.

15       39.    Defendants' aforesaid acts tend to represent falsely that Defendants' services

16   are legitimately connected with Plaintiff; tend to describe falsely that Defendants' services
17
18   emanate from or are authorized, sponsored or approved by Plaintiff; create the likelihood

19   that the public will be confused as to the source, sponsorship or affiliation of the services

20   and/or goods of Plaintiff and Defendants, or will be led to believe mistakenly that there is

21   some connection between Plaintiff and Defendants; and tend to designate falsely that

22   Defendants' services and/or goods originate from Plaintiff, all of which constitute violations

23   of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as a result of which Plaintiff and

24   the public have been, and are likely to be further, irreparably damaged.
25
26       40.  The aforesaid activities of Defendants constitute unfair competition under 15

27   U.S.C. §1125(a) and Plaintiff is entitled to the relief set forth below.

28   ///

                                    8

COUNT IV
(NEVADA DECEPTIVE TRADE PRACTICES)

41.    Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-40 above as if fully set forth herein.

42.    Defendants' conduct herein alleged constitutes or imminently will constitute deceptive trade practices under Nevada Revised Statutes, N.R.S. §§ 598.0915, 598.0935, 598.0943, 598.0945, 598.0953.  N.R.S. 41.600 provides for a private remedy for violations of 598.0915, et seq.

43.    By reason of the foregoing, Plaintiff has sustained or will sustain substantial monetary injuries, loss and damages to its rights in the SOFA CONNECTION mark itself and Defendants have realized unlawful and unjust profits from its illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such deceptive trade practices are not enjoined.

44.    The aforesaid activities of Defendants constitute deceptive trade practices under the Nevada Revised Statutes and Plaintiff is entitled to the relief set forth below.

WHEREFORE, Plaintiff prays for a judgment that:

1.    U.S. Registration No. 2,477,109 is valid and enforceable; that Defendants have infringed on Plaintiff's rights in said registration under 15 U.S.C. § 1114; and that such infringement has been willful under 15 U.S.C. § 1117.

2.    Defendants have violated 15 U.S.C. § 1125(a) by infringing on Plaintiff's rights in the mark SOFA CONNECTION and that such acts of Defendants constitute willful infringement under 15 U.S.C. § 1117.

3.    Defendants have violated the Nevada Deceptive Trade Practices Act by infringing on Plaintiff's rights in the SOFA CONNECTION mark.

9

4.      Defendants, their officers, agents, servants, affiliates, employees, attorneys, and representatives and all those in privity or acting in concert with them, and each and all of them, be permanently enjoined and restrained from directly or indirectly:

a.      Using the names, phrases and/or marks SOFA CONNECTION, SOFA COLLECTION, and/or any term confusingly similar thereto or any colorable imitation thereof as a part of a trademark or service mark alone or in combination with other words, names, styles, titles or marks in connection with selling, offering for sale, distributing, exporting or advertising any goods or services;

b.      Using the names, phrases and/or marks SOFA CONNECTION, SOFA COLLECTION, and/or any term confusingly similar thereto or any colorable imitation thereof as a part of a trademark or service mark alone or in combination with other words, names, styles, titles or marks confusingly similar to the mark SOFA CONNECTION, in association with any business that Defendants conduct, own or control;

c.      Holding themselves out as the owners of, or authorized to use a mark confusingly similar to SOFA CONNECTION;

d.      Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake or to deceive; or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected; or that Plaintiff is a sponsor of Defendants; or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff; or that the goods or services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or

authorization, or under the supervision of Plaintiff; or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

e.      Using any names, phrases, logos and/or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of misappropriation or dilution of the SOFA CONNECTION mark and the goodwill associated therewith; and

f.      Using any trade practices whatsoever, including those complained of herein, which tend to compete unfairly with or injure Plaintiff's business and the goodwill attached thereto.

5.      Defendants be required to deliver up for destruction, at their expense, all stationery, business forms, signs, advertisements, labels, brochures, promotional materials, and other written materials which bear the infringing phrase, name, logo or mark SOFA COLLECTION or any other name, phrase, logo and/or mark confusingly similar to the SOFA CONNECTION mark, together with all plates, molds, matrices and other means and materials for making or reproducing the same.

6.      Defendants be required to pay Plaintiff three times Plaintiff's actual damages caused by the acts of Defendants, as well as Defendants' profits from sales of goods or services under the logo, phrase, name and/or mark SOFA CONNECTION, SOFA COLLECTION or any colorable imitation thereof, after an accounting.

7.      Defendants be required to pay to Plaintiff all of Plaintiff's litigation expenses, including reasonable attorney's fees and the costs of this action.

8.      Defendants be required to pay to Plaintiff pre-judgment interest on the amount awarded and post-judgment until paid, at a lawful rate.

///

9.    Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: July 2, 2002

SKINNER, WATSON & ROUNDS

By: _____
Matthew D. Francis
Michael D. Rounds
548 California Avenue
Reno, Nevada 89509


KREMBLAS, FOSTER, PHILLIPS & POLLICK
Jason H. Foster
7632 Slate Ridge Blvd.
Reynoldsburg, OH  43068

Attorneys for Plaintiff,
Sofa Connection, Inc.

12

LEGAL DIMENSIONS
800-535-7753

*Ex. A*

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,477,109

Registered Aug. 14, 2001

## SERVICE MARK
## PRINCIPAL REGISTER

## SOFA CONNECTION

SOFA CONNECTION, INC. (TENNESSEE COR-
PORATION)
725 MYATT DRIVE
MADISON, TN 37115

    FOR: RETAIL FURNITURE STORE SERVICES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

    FIRST USE 11-30-1989; IN COMMERCE 11-30-1989.

    NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SOFA", APART FROM THE MARK
AS SHOWN.

    SER. NO. 75-670,438, FILED 3-30-1999.

RICHARD DONNELL, EXAMINING ATTORNEY

LEGAL DIMENSIONS
800-535-7753

*Ex. B*

# Sofa
# CONNECTION

March 25, 2002

Leibel Koren
1244 S. Rainbow Blvd.
Las Vegas, NV  89146

RE:     *Infringement of SOFA CONNECTION®*

Dear Mr. Koren:

Sofa Connection Inc., is the owner of a federal registration of the service mark **SOFA CONNECTION®** related to retail furniture store services.  We are in possession of an advertisement from your company (a copy is attached) that uses a mark and trade name, *Sofa Collection* (the "Mark"), deceptively similar in impression, sound and appearance to our registered service mark to advertise retail furniture store services.  At least one location of your store uses your Mark within eyesight of one of our stores.  This use of your deceptively similar Mark is without our authorization or consent.

Inasmuch as the services in question are directly competitive, your use of the Mark is capable of causing, and in fact has caused, confusion among customers, mistake as to the source of services, and diversion of sales from our stores.  Your use of the Mark has resulted in irreparable damage to us and will continue to do so.  Customers have suffered actual confusion as a result of your Mark in your advertisements, mistakenly believing it was our ad and seeking the promotion you advertised.

Your Mark is a clear attempt to capitalize on our goodwill and our service mark for commercial gain. We have been advised that your use of the Mark represents a clear infringement of our service mark and an encroachment upon our rights under the federal Lanham Act, federal and state unfair trade practices laws, and the common law.

We hereby demand that you:

1. Immediately cease and desist from using *Sofa Collection*, or any similar variations thereof, as a service mark or trade name in your advertising, in whatever media (including, without limitation, television, radio, print and internet based advertising) or on your business cards, letterhead, brochures and signage, or in any other medium;

**Corporate Office** • 725 Myatt Drive • Madison, TN 37115 • 615-860-3656 • Fax 615-865-3249

Page 2

2. Immediately destroy all materials in your possession or under your control (including signage) that incorporate the Mark or any variations thereof; and

3. Certify to us the carrying out of steps (1) and (2).

Remedies for violations of the Lanham Act and federal and state unfair trade practices laws include injunctions, statutory and actual damages, as well as the possibility of treble damages and attorneys fees.

If we do not receive assurance of your compliance with the above demands by **April 8, 2002,** we will have no choice but to take appropriate legal action to protect our rights.

Sincerely,
Sofa Connection Inc.

Mack Peters
President

ENCLOSURE

SM



# YOUR COMPLETE SOLUTION!

Nobody Will Beat Our Prices!

## Before You Throw Your Money Away On Phony Liquidation Sale Prices, Come See The True Savings You Get At Sofa Collection!

 $788⁰⁰
2 Recliners, 3 Pc., Oak Trim

 $888⁰⁰
2 Recliners, 3 Pc., Plush Velvet

 $1288⁰⁰
2 Recliners, 3 Pc., 100% Top Grain Leather Everywhere Your Body Touches!

 $1388⁰⁰
2 Recliners, 3 Pc., 100% Top Grain Leather Everywhere Your Body Touches!

 $488⁰⁰
2 Recliner Sofa, Oak Trim

 $588⁰⁰
2 Recliner Sofa, Plush Velvet

 $688⁰⁰
2 Recliner Sofa, 100% Top Grain Leather Everywhere Your Body Touches!

 $788⁰⁰
2 Recliner Sofa, 100% Top Grain Leather Everywhere Your Body Touches!

 $348⁰⁰
Big Rocker Recliner
Metal Base to Last Longer!

$388⁰⁰
Big Rocker Recliner
Metal Base to Last Longer!

 $588⁰⁰
100% Top Grain Leather Sofa, Everywhere Your Body Touches!

 $448⁰⁰
Big Rocker Recliner
Metal Base to Last Longer!
100% Top Grain Leather Everywhere Your Body Touches!

$488⁰⁰
Big Rocker Recliner
Metal Base to Last Longer!
100% Top Grain Leather Everywhere Your Body Touches!

 $588⁰⁰
100% Top Grain Leather Sofa, Everywhere Your Body Touches!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

 $588⁰⁰
100% Top Grain Leather Sofa, Everywhere Your Body Touches!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

 $388⁰⁰
THE BEST SOFA BUY IN THE USA!

# Sofa COLLECTION

1244 S. Rainbow Blvd.
Las Vegas, NV 89146 (Next to La-Z-Boy)
702-821-1526

1485 E. Flamingo
Las Vegas, NV 89119
702-893-1400

NOW 2 GREAT LOCATIONS!!

100% Financing Available

 Hours: Mon-Fri 10am-9pm • Sat 10am-6pm • Sun 11am-6pm

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Print Clearly)  Stacy Wallen   B. Date of Delivery 3/29/02

C. Signature
X  S Wallen                □ Agent  □ Addressee

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

1. Article Addressed to:

Leibel Koren
Sofa Collection
1244 S. Rainbow Blvd.
Las Vegas  NV 89146

3. Service Type
   ☒ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Copy from service label)
   7000 0520 0021 3685 9161

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

---

UNITED STATES POSTAL SERVICE

LAS VEGAS NV
PM
29 MAR

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**SOFA CONNECTION**
**CORPORATE OFFICE**
**725 MYATT DR.**
**MADISON, TN  37115**

Attn: Stacey Miller

---



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Leibel Koren  1244 S. Rainbow Blvd.
                 Las Vegas, NV
                 89146

| | |
|---|---|
| Postage | $ .34 |
| Certified Fee | 2.10 |
| Return Receipt Fee (Endorsement Required) | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.94 |

2002 Postmark Here   MADISON TN 37115

Recipient's Name (Please Print Clearly) (To be completed by mailer)

Street, Apt. No.; or PO Box No.

**SOFA CONNECTION**
**CORPORATE OFFICE**
725 MYATT DR.

LEGAL DIMENSIONS
800-535-7753

*Ex. C*

# KREMBLAS, FOSTER, PHILLIPS & POLLICK

**Attorneys At Law**
## Patents, Trademarks & Copyrights
## Intellectual Property Law
### Columbus, Ohio

Frank T. Kremblas
Frank H. Foster
Philip J. Pollick Co. LPA
Patrick P. Phillips
Jason H. Foster
_____
Sidney W. Millard
  1930-1997
E. Paul Forgrave
  1934-1998

7632 Slate Ridge Blvd.
Reynoldsburg, Ohio 43068
Phone: 614/575-2100
Fax: 614/575-2149
Email: kfmp@pattorneys.com
Web Page: www.pattorneys.com
_____
Of Counsel:
Philip M. Dunson

May 17, 2002

Leibel Ari Koren
1508 Becke Circle
Las Vegas, NV  89104

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

RE:  Our Client:  Sofa Connection
     Our File No.:  SOCOJ 100

Dear Mr. or Ms. Koren:

This firm has been retained by Sofa Connection, Inc., a Tennessee corporation doing business throughout the United States, including Las Vegas, Nevada. Sofa Connection, Inc. has been using its service mark SOFA CONNECTION in interstate commerce in connection with its retail furniture store services since at least as early as 1989. Additionally, Sofa Connection, Inc. has actively sought to protect its mark by obtaining Federal Trademark Registration Number 2,477,109, a copy of which is enclosed for your reference.

Customers have come to recognize the mark SOFA CONNECTION as indicating a source of furniture store services, and our client has accumulated a substantial goodwill and reputation in the mark. Your use of a nearly identical service mark in connection with the marketing, promotion or advertising of identical services creates the same commercial impression as Sofa Connection, Inc.'s mark and causes a likelihood of confusion, mistake or deception on the part of ordinary customers. Therefore, your use of Sofa Collection constitutes trademark infringement in violation of Title 15 of the United States Code, Chapter 22, Sections 1114 and 1125 and state common law.

Our client wrote to you on March 25, 2002 at your Rainbow Boulevard address. Because our client has not heard from you, we assume that you have misplaced the letter. If, however, you are ignoring this matter, be advised that we will not permit this to continue.

As you know from our client's letter, your use of the store name Sofa Collection is an infringement of our client's trademark rights. The marks are virtually identical in appearance, the goods and services are identical and the stores are within a fraction of a mile of one another

on the same street.   Actual confusion has occurred, and continues to occur, and our client's reputation has been harmed.

Sofa Connection, Inc. has instructed us to secure your cessation of this infringement. Therefore, I am formally demanding that you immediately cease and desist from all use of the mark Sofa Collection and/or any confusingly similar marks, and promptly provide us with written assurances that you will cease and desist.

If you will immediately communicate your agreement to cease your infringing use of this service mark, our client would be willing to permit you a reasonable period to modify your signage and phase out these infringements, provided the time period for phasing them out is sufficiently small.  If you promptly comply with our client's demands, our client will also provide you with a written release for past infringements.

In the event we are required to resort to legal action to secure your cessation of this infringement, we will aggressively seek to have a Federal Court enter a Judgment against you awarding our client damages, your profits and the costs of the legal action as provided in 15 U.S.C. Section 1117.  Additionally, we will seek an Order that all infringing materials be destroyed as provided in 15 U.S.C. Section 1118, and that you provide an accounting of all sales of products sold in connection with the infringing mark and publish a notice informing customers that SOFA CONNECTION is the service mark of Sofa Connection, Inc.

Furthermore, in view of the notice provided to you by this letter, any **continued** use or advertising of the mark Sofa Collection by you will be considered a willful infringement, justifying an award of treble damages and attorney's fees to Sofa Connection, Inc. as provided in 15 U.S.C. Section 1117(b).

Although it will defend vigorously its trademark rights, it is our client's desire to resolve all conflicts amicably without the need to resort to legal proceedings against you.  Your immediate response will be interpreted as evidence of your similar desire.  On the contrary, if we do not hear from your company or its counsel within two weeks, we will conclude that you have no desire to resolve this matter informally.  Our client will not stand by while this matter is ignored

Sincerely,

Jason H. Foster

JHF/cg

cc:   Mack Peters
       David Morris

**U.S. Postal Service**
# CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

**Leibel Ari Koren**

| | | |
|---|---|---|
| Postage | $ | .34 |
| Certified Fee | | 2.10 |
| Return Receipt Fee (Endorsement Required) | | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | | |
| **Total Postage & Fees** | $ | 3.94 |

Postmark Here

Name (Please Print Clearly) (to be completed by mailer)
Leibel Ari Koren
Street, Apt. No.; or PO Box No.
1508 Becke Circle
City, State, ZIP+4
Las Vegas, NV  89104

PS Form 3800, July 1999                    See Reverse for Instructions

7099 9829 0007 0800 3400 7099

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leibel Ari Koren
1508 Becke Circle
Las Vegas, NV  89104

(SOCOJ 100)

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery  5-21

C. Signature
X _Rachel Koren_    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
   7099  3400  0007  9829  8986

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

LEGAL DIMENSIONS
800-535-7753

*Ex. D*

# KREMBLAS, FOSTER, PHILLIPS & POLLICK

### Attorneys At Law
## Patents, Trademarks & Copyrights
## Intellectual Property Law
### Columbus, Ohio

Frank T. Kremblas
Frank H. Foster
Philip J. Pollick Co. LPA
Patrick P. Phillips
Jason H. Foster

Sidney W. Millard
1930-1997
E. Paul Forgrave
1934-1998

7632 Slate Ridge Blvd.
Reynoldsburg, Ohio 43068
Phone: 614/575-2100
Fax: 614/575-2149
Email: kfmp@pattorneys.com
Web Page: www.pattorneys.com

Of Counsel:
Philip M. Dunson

May 23, 2002

Leibel Ari Koren
1508 Becke Circle
Las Vegas, NV 89104

RE:   Our Client:  Sofa Connection
      Our File No.:  SOCOJ 100

Dear Mr. or Ms. Koren:

As a follow-up to my letter dated May 17, 2002, it has come to my attention that there is a substantial amount of actual confusion taking place.  As you may know, actual confusion is the term in trademark law for the situation in which consumers confuse one store for another.  Our client has recorded at least 13 instances of actual confusion, in which people have contacted our client thinking it is your store, in the past three weeks alone.

You can see from these many instances of confusion that your infringing trademark has had the impact on commerce that trademark law forbids.  Therefore, we repeat our demand that you immediately cease all use of "Sofa Collection" on advertisements, store signs, business cards, invoices and any printed documents or other media.

We await your response within one week of the date of this letter if you wish to resolve this matter amicably.

Sincerely,

Jason H. Foster

JHF/cg

cc:   Mack Peters
      David Morris

LEGAL DIMENSIONS
800-535-7753

*Ex. E*

05/20/2002 05:48 Case 2:02-cv-00092-CM-RJJ Document 1050020 CONNECTION 97523/02 Page 27 of 43 PAGE 08

05/16/2002 23:01 7024542795 SOFA CONNECTION 52 PAGE 01
SOFA CONNECTION 52 MILLARD&POLLICK; 814 575 2140; May-17-02 9:40; Page 4/4

# Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name ___Denise___

2. Customer Name or other identification ___Tim___
for example, Mr. Smith, Jenny, telephone phone number) _____ (even portions;

3. Date of event ___4/29/02    4:10 pm___

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

___was calling in regards to our furn he wanted___
___to buy a sofa. But he wanted to deal___
___directly with the owner___

___Denise Pickett___        ___4/29-02___
Signature                   Date

P:\client.docs\sofa connection\socoj 100\confusion form.doc

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name _Denise_

2. Customer Name or other identification _Lady_
for example, Mr. Smith, Jenny, telephone phone number) _____ (even portions;

3. Date of event _5-01-02_

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) Use an attached page if necessary, or attach any notes you made at the time.
_Customer came in looking for sectional # 888_
_that was in the paper_

_Denise Pratt_ _____ _5-01-02_
Signature                       Date

F:\client.docs\s\sofa connection\wccj 100\confusion form.doc

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name:** _Jeanette_

2. **Customer Name or other identification** _Customer_ _____ (even portions; for example, Mr. Smith, Jenny, telephone phone number)

3. **Date of event** _5-14-02_

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

_Customer came in looking for Amad, Realize_
_they wanted Sofa Collection_

_____

Signature _____    Date _____

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** DENISE

2. **Customer Name or other identification** MAN
for example, Mr. Smith, Jenny, telephone phone number)                    (even portions;

3. **Date of event** 5-17-02

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

Man came in, he wanted to pay on his
Shaws order, but he was at the wrong
store.

_Denise Acetto_                    5-17-02
Signature                          Date

F:\client.docs\s\sofa connection\soccnj 100\confusion form.doc

# Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** _Elizabeth_

2. **Customer Name or other identification** _Jamie Rodgers_ 702)205-6491
for example, Mr. Smith, Jenny, telephone phone number) _____ (even portions;

3. **Date of event** _4/27/02    10:25 pm_

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*
_Calling to see when her order was going to_
_be delivered_

_Elizabeth Chang_          _05/17/02_
**Signature**               **Date**

F:\client.docs\s\sofa connection\soccj 100\confusion form.doc

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** _Elizabeth_

2. **Customer Name or other identification** _Man_ _____ (even portions; for example, Mr. Smith, Jenny, telephone phone number)

3. **Date of event** _5-13-02     1:15 pm_

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

_asking to talk to John at Sofa Collection_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_Elizabeth Chan_                _05/17/02_
**Signature**                **Date**

P:\client.docs\sofa connection\socon] 100\confusion form.doc

## Confused Customer Form

 This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

**1. Employee Name** _Tammie C._

**2. Customer Name or other identification** _Pamela Whitner_ (even portions; for example, Mr. Smith, Jenny, telephone phone number) _568-1944_

**3. Date of event** _05/18/02_

**4. The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

_Calling for Sofa Collections on the phone number_
_and directions on cross roads._

_Tammie C._                _05/18/02_
**Signature**                **Date**

F:\client.docs\sofa\sofa connection\socoj 100\confusion form.doc

# Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

**1. Employee Name**  KAY  QUARANTA

**2. Customer Name or other identification** RICHARD HICKMAN (even portions; for example, Mr. Smith, Jenny, telephone phone number)  492-7332

**3. Date of event**  5-18-02

**4. The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

MR HICKMAN & HIS WIFE CAME IN AND SAID THAT
THEY SAW OUR ADD IN the NEWSPAPER. It was
SOFA COLLECTIONS ADD!!

Kay S. Quaranta  5-18-02
Signature                 Date

P:\client.docs\s\sofa connection\socoj 100\confusion form.doc

# Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** _Jackie Zahrobsky_

2. **Customer Name or other identification** _Steve Bajorek_ (even portions; for example, Mr. Smith, Jenny, telephone phone number) _(702) 591-5096_

3. **Date of event** _5-12-02_

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

_Saw Ad in Sunday Flyers 5-12-02_
_Said I saw your Ad. I said this_
_is Sofa Collection Not Sofa_
_Connection's Ad._

_Jackie Zahrobsky_ _5-19-02_
Signature                Date

P:\client.docs\s\sofa connection\socoj 100\confusion form.doc

06/10/2002 03:40 7024542795 SOFA CONNECTIO PAGE 05
Case 2:02-cv-00908-JCM-RJJ   Document 1-3 1500279   Filed 07/03/02   Page 36 of 43 PAGE 02
SOFA CONNECTION

05/24/2002 17:02 70236
05/16/2002 23:01 7024542795 SOFA CONNECTION 52 PAGE
...t; RIDGELAND FOSTER MILLWOOD/TULLICK; 814 578 2149;   May-17-02 8:48;   Page 4/4

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** _Denise_

2. **Customer Name or other identification** _Mrs Urso_ (even portions; for example, Mr. Smith, Jenny, telephone phone number)

3. **Date of event** _5-22-02_

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

_- lady call to see if he order was_
_in_

_Denise Rist_                    _5-22-02_
Signature                          Date

F:\allans.doss\\sofc connection\\sous\\ 100\\confusion form.doc

06/10/2002  Case 2:02402402795CM-RJJ  Document 1 SOFA CONNECTION 17/62/02  Page 37 of 43  PAGE  04
PAGE  03
SOFA CONNECTION

05/24/2002  17:02   702367

05/19/2002  23:01   7024542795                     SOFA CONNECTION 52              PAGE  8
...S SJ'r SLIBEAS Publican AILANDAPOLLICK; 814 575 2148;              May-17-02  9:48;      Page 4/4

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name _____Denise_____

2. Customer Name or other identification _____Man_____  (even portions:
for example, Mr. Smith, Jenny, telephone phone number)

3. Date of event ___5-22-02___

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) Use an attached page if necessary, or attach any notes you made at the time.

_____Man  came  in  with  an  add  for_____
_____Sofa  Collection_____

_____Denise Rott_____        ___5-22-02___
Signature                               Date

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name ___Denise___

2. Customer Name or other Identification ___Mr SHANNON___ (even portions; for example, Mr. Smith, Jenny, telephone phone number)

3. Date of event ___5-23-02___

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) Use an attached page if necessary, or attach any notes you made at the time.

___Customer called Wanted to know___
___Status of Order___

___Denise Craft___     ___5-23-02___
Signature                Date

P:\sofa\documents\sofa connection\socuj 100\cyuslusion form.doc

06/10/2002   03:40   7024542795   SOFA CONNECTION

06/10/2002   11:18   7023671

05/15/2002   23:01   7024542795   SOFA CONNECTION 52   PAGE   01
LISTS LTD; SHERIDAN FUSION MILLARONI-ULLICK; 614 575 2148;   May-17-02   8:48;   Page 4/4

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** *Jeanette Measels*

2. **Customer Name or other identification** *Mrs Boyd* (even portions; for example, Mr. Smith, Jenny, telephone phone number)

3. **Date of event** *5/27/02*

4. **The circumstances as you recall them:** (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

*Mrs Boyd called wanted to know when we are going to deliver her China Cabinet, told her Stacey told her she wanted Sofa Collection*

*Jeanette Measels* 5/27/02
Signature                        Date

P:\Client Area\b\sofa connection\sofa 100\confusion form.doc

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name: *Jeanette Measels*

2. Customer Name or other identification *Mrs Boyd.* (even portions; for example, Mr. Smith, Jenny, telephone phone number)

3. Date of event *5/27/02*

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

*Mrs Boyd called wanted to know when we are going to deliver her china cabinet ask for Stacey I told her She wanted Soft Collection*

*Jeanette Measels 5/27/02*
Signature                                    Date

P:\tilam.docs\sofa connection\accxj 100\confusion form.doc

# Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. **Employee Name** *Charles Willi...*

2. **Customer Name or other identification** *Mrs Emily Fuentes* (even portions; for example, Mr. Smith, Jenny, telephone phone number) *702 274 3684*

3. **Date of event** *5/30*

4. **The circumstances as you recall them**: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) *Use an attached page if necessary, or attach any notes you made at the time.*

*Came in looking from mailer got confused as to the name of store*

*Emily Fuentes*
Signature _____ Date

P:\client.docs\s\sofa connection\socoj 100\confusion form.doc

06/10/2002 03:46 7024542795 SOFA CONNECTION PAGE 11

Case 2:02-cv-00998-JCM-RJJ Document 1-1502279 Filed 07/02/02 Page 42 of 43

06/10/2002 11:18 70236712 PAGE 02

05/16/2002 23:01 7024543795 SOFA CONNECTION 52 PAGE 01
SENT BY: RUSSELL MARICH MCLAND/PULLICK; 614 575 2148; May-17-02 8:48; Page 4/4

## Confused Customer Form

      This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such event. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name   *Elizabeth*

2. Customer Name or other Identification   *A lady*      (even portions;
for example, Mr. Smith, Jenny, telephone phone number)

3. Date of event   *06/09/02*

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) Use an attached page if necessary, or attach any notes you made at the time.

*A lady called she asked for the phone number of our other store, located in Rainbow. I told her we only have one store on Rainbow and she was probably confusing us with Sofa Collection she said OK thank you and hung up.*

_____

_____

_____

_____

_____

_____

_____

*Elizabeth Chaney*      *06/9/02*
Signature         Date

F:\office\Accts\sofa connection\recs\100\confusion form.doc

## Confused Customer Form

This form has been prepared to record the facts when a customer has contacted Sofa Connection when they intended to contact Sofa Collection, or vice versa. This is a significant problem, and this form is prepared to record the events surrounding any such events. Please fill the form out as completely as you can the same day as the event, or as soon after as you can. Then return the form to your supervisor or the store manager.

1. Employee Name _Elizabeth_

2. Customer Name or other identification _Unknown (man)_ (even portions;
for example, Mr. Smith, Jenny, telephone phone number)

3. Date of event _06/10/02_

4. The circumstances as you recall them: (for example, Mr. Smith called the store and asked why we had not delivered his sofa. When we found no record of the sale, I asked if he meant to call us or Sofa Collection. He said he meant Sofa Collection. I apologized for the confusion, told him we were doing something about it, and told him we were not related to them. He hung up.) Use an attached page if necessary, or attach any notes you made at the time.

_a man called wanting to know the phone number for
any store, located in Maryland. I explained I told he was
told we didn't have a store at that location and that the one he
most likely mistaken it with another store, he hung up_

_Elizabeth Clary_                    _06/10/02_
Signature                            Date

P:\office.dean's\sofa connection\sooo/ LCC\confusion form.doc